IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Thomas Kelly Jr., #26483053, | ) | C/A No.: 1:11-383-HFF-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| United States of America; Mary Mitchell, Warden, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

  Petitioner John Thomas Kelly, proceeding *pro se*, is a prisoner at the Federal Correctional Institution at Edgefield, South Carolina, and filed a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241. Petitioner complains that the Bureau of Prisons ("BOP") did not recommend him for the full year allowed for incarceration at a Residential Reentry Center under the Second Chance Act. Petitioner has failed to exhaust his administrative remedies prior to filing this case; thus, the Petition is subject to summary dismissal.

I.  Standard of Review

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996. This court is required to construe *pro se* Petitions liberally. Such *pro se* Petitions are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A court is charged with liberally construing a Petition filed by a *pro se* litigant to allow the development of a potentially

meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the Petitioner's allegations are assumed to be true. *See Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). However, even under this less stringent standard, the Petition submitted in the above-captioned case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal court. *See Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

II.     Discussion

Petitioner is serving a 48-month sentence imposed December 5, 2008 in the United States District Court for the Eastern District of New York. Pet. at 3. [Entry #1]. Petitioner complains that the BOP has violated his rights by placing him for 90 days at a Residential Reentry Center (RRC), rather than the one-year time period allowed by the Second Chance Act of 2007.[1]  *Id*. at 5. Petitioner admits that he has not exhausted the administrative remedies available at the correctional institution. However he argues that "[I]t would in fact be moot to start. By the time it[']s completed, it would have passed the petitioner[']s chance to obtain a 1 year Requirement." *Id*. at 6.

---

[1] The Second Chance Act is codified at 42 U.S.C. §§ 17501-17555 and § 3624(c). *See* Pub.L. No. 110-199, 122 Stat. 657 (2008).

A § 2241 habeas petition is the correct avenue for challenging this decision, as it involves the execution of his sentence.[2] However, Petitioner's argument that he need not exhaust his administrative remedies is unavailing.

The BOP has established a three-tiered administrative procedure whereby a federal inmate may seek review of complaints relating to any aspect of his or her confinement. *See* 28 C.F.R. § 542.10. The petitioner may informally attempt to resolve the complaint with a staff member. 28 C.F.R. § 542.13(a). If informal resolution is not successful, the inmate may file a formal written complaint to the Warden. This complaint must be filed within 20 calender days from the date on which the basis for the complaint occurred. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, that response may be appealed to the Regional Director within 20 calendar days of the date the Warden signed the response. An inmate who is not satisfied with the Regional Director's response may submit an appeal to the General Counsel within 30 calendar days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). The Petitioner must comply with these administrative procedures. *See* 28 C.F.R. § 542.10 through § 542.16.

Although § 2241 itself does not contain an exhaustion requirement, a prisoner must first exhaust his administrative remedies before bringing a claim under that statute.

---

[2]     *See Levine v. Apker*, 455 F.3d 71 (2nd Cir. 2006) (a petition challenging the place of confinement is an attack on the execution of a sentence, and thus properly brought under § 2241); *see also McNatt v. Mitchell*, C/A No. 4:09-2334-RBH-TER, 2010 WL 3730552, at *1 (D.S.C. July 22, 2010) (collecting cases in which petitions similar to this one have been considered under § 2241 in this court).

"Failure to exhaust may only be excused upon a showing of cause and prejudice." *McClung v. Shearin*, 90 F. App'x 444, 445 (4th Cir. 2004); *see also Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490–91 (1973) (stating that exhaustion required under 28 U.S.C. § 2241).

An inmate's failure to exhaust his administrative remedies may only be excused upon a showing of cause and prejudice.  *See, e.g.*, *Torres v. Martinez*, C/A No. 3:09cv1070, 2009 WL 2487093, *4 (M.D.Pa. Aug.12, 2009) ("Exhaustion of administrative remedies is not rendered futile just because a prisoner anticipates he will be unsuccessful in his administrative appeals before the twelve-month pre-release mark, which is simply a statutory maximum and not a mandate."); *Yannucci v. Stansberry*, C/A No. 2:08CV561, 2009 WL 2421546, *3 (E.D.Va. July 28, 2009) (stating that a petitioner's failure to exhaust his remedies on a claim challenging the amount of RRC placement he received due to "lack of time" was not excused).  As the Eastern District of Virginia recently stated:

> The Court is also concerned with the implications of finding cause and prejudice for Petitioner's unexhausted claims in this situation. The administrative review process for placements in RRCs is inevitably time-sensitive because the placement review process generally begins seventeen to nineteen months prior to a prisoner's projected release date, or five to seven months before a prisoner becomes eligible for RRC placement. . . . To grant review of unexhausted claims because of this time-sensitivity may well encourage similar petitions in this Court before the administrative remedy process has run its course. Such a disposition would both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims.

*Garrison v. Stansberry*, C.A. No. 2:08cv522, 2009 WL 1160115, *3 n. 2 (E.D.Va.2009). The undersigned concurs in the Garrison court's analysis and declines to find cause and prejudice exists to excuse Petitioner's failure to exhaust his administrative remedies. Plaintiff having failed to exhaust his administrative remedies, the undersigned recommends the Petition be dismissed.

III.     Conclusion

For the foregoing reasons, it is recommended that the Petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without service upon the respondents.

IT IS SO RECOMMENDED.

April 20, 2011                                        Shiva V. Hodges
Florence, South Carolina                    United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**