IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| John Thomas Kelly, Jr., )<br> )<br> Petitioner, )<br> )<br> v. )<br> )<br>United States of America; )<br>and Mary Mitchell, )<br> )<br> Respondents. ) | C/A No.: 1:11-383-TMC<br><br>**OPINION & ORDER** |

Petitioner John Thomas Kelly, Jr., ("Petitioner") proceeding pro se, has filed this habeas petition pursuant to 28 U.S.C. § 2241. This matter is before the court with the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 of the District of South Carolina.[1] In her Report, Magistrate Judge Hodges recommends the petition be dismissed because Petitioner failed to exhaust his administrative remedies.

Petitioner is required to exhaust his administrative remedies before filing a § 2241 petition for writ of habeas corpus. *See Timms v. Johns*, 627 F.3d 525 (4th Cir.2010) (holding exhaustion of remedies required prior to filing for habeas relief under § 2241).

---

[1]The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber,* 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

While the exhaustion requirement is not mandated by statute, it "has developed through decisional law in applying principles of comity and federalism[.]" *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir.1986) (*citing Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973)); *see also Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994). Exceptions to the exhaustion requirement apply only in "extraordinary circumstances", and the petitioner must demonstrate the futility of administrative review. *Fuller*, 11 F.3d at 62.

Petitioner filed objections to the Report which he subsequently supplemented. In his objections, Petitioner states he is actively pursuing his administrative remedies and that the administrative remedies are futile. However, even if Petitioner is currently attempting to exhaust his administrative remedies, it is apparent that he failed to exhaust his administrative remedies *before* filing this action. Furthermore, Petitioner's futility argument is also without merit.

Exhaustion of administrative remedies may be excused when a petitioner establishes that exhaustion would be futile. *United States v. Strickland,* No. 7:98–CR–82–5–F(l), 2004 WL 3414644, at *1 (E.D.N.C. Aug. 9, 2004), aff'd, 126 F. App'x 116, 117 (4th Cir.2005) (unpublished). Petitioner bears the burden of demonstrating futility. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994) (per curiam). Exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that "[e]xhaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12–month pre-release mark." *Wright v. Warden,* No. RDB–10–671, 2010 WL 1258181, *1 (D.Md. Mar. 24, 2010) (finding that "[e]xhaustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative

2

appeals before the 12–month pre-release mark.")). *See also Yannucci v. Stansberry*, 2009 WL 2421546, *3 (E.D.Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his [RRC] claims"); and *Garrison v. Stansberry*, 2009 WL 1160115, *3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "timesensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims").

Based on the foregoing, Petitioner has failed to meet his burden of establishing the futility of administrative review. Nor has he demonstrated any other grounds to establish cause or prejudice necessary to excuse his failure to exhaust his administrative remedies prior to filing this action. After a thorough review of the Magistrate Judge's Report and the record in this case, the court adopts the Report and Recommendation. Accordingly, Petitioner's § 2241 petition is **DISMISSED** without prejudice and without issuance and service of process. Petitioner's Motion for Summary Judgment (Dkt. # 16) is moot.

**IT IS SO ORDERED.**

                                                              s/Timothy M. Cain
                                                              United States District Judge

November 7, 2011
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

3

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.